Joseph W. NELSON, Respondent
Below, Appellant,

v.

Michele A. Rogers RUSSO, Petitioner
Below, Appellee.

No. 216,2003.

Supreme Court of Delaware.

Submitted: Dec. 9, 2003.

Decided: March 11, 2004.

14.  *See generally Seward v. State,* 723 A.2d 365, 369 (Del.1999); *Cline v. State,* 720 A.2d 891, 892 (Del.1998).

David J. Weidman, of Hudson, Jones, Jaywork & Fisher, Georgetown, for Appellant.

John A. Sergovic, Jr., of Sergovic, Ellis & Shirey, P.A., Georgetown, for Appellee.

Before VEASEY, Chief Justice, HOLLAND, BERGER, STEELE and JACOBS, Justices, constituting the Court en banc.

BERGER, Justice:

In this appeal, we consider whether the Superior Court has subject matter jurisdiction to decide a dispute between neighboring condominium owners over an addition to one condominium that allegedly encroaches on the common areas. The complaint was styled an action in ejectment, but appellee's purpose in bringing the lawsuit was to have the enclosures that are obstructing the common area airspace removed. The Superior Court concluded that, since appellee was not asking for injunctive relief, the law court had jurisdiction to entertain the ejectment action. We disagree. Appellee was not seeking possession of the land; she was seeking "possession" of the unobstructed view and airspace. She could obtain that relief only in the Court of Chancery, through the issuance of a mandatory injunction requiring appellant to remove the allegedly encroaching structure. Accordingly, we reverse without reaching the merits of the parties' claims.

## Factual and Procedural Background

The property in question is a condominium complex located in Dewey Beach, Delaware, consisting of three attached townhouses. Joseph W. Nelson owns Unit 1, located at the eastern side of the complex, Rhonda Housley owns Unit 2, the middle unit, and Michelle A. Rogers Russo owns Unit 3, the western side unit. Nelson and his wife purchased Unit 1 in 1984, from Russo's parents, who were the developers of the property. When the Nelsons purchased their unit, there were six-foot-high wooden fences separating the backyards of each of the units. Those fences remain today, and it is undisputed that, although the entire backyard is designated a "common area," the owners have always treated their fenced-in area as their exclusive property.

In May 2000, the Nelsons enclosed their first floor porch and the deck above it, and added a new porch and deck in "their" backyard. Rhonda Housley approved the addition, but it appears that the Nelsons never discussed their plans with Russo, who lives in Arizona. In August 2001, Russo filed this action in Superior Court seeking possession of the common element airspace by removal of the Nelson's addition. Alternatively, Russo asks for money damages for the loss in value to her unit caused by the Nelson's trespass. The Superior Court denied Nelson's motion to dismiss for lack of subject matter jurisdiction, and granted summary judgment to Russo.

## Discussion

The claim alleged in the complaint purports to be one for ejectment, which is an action at law[1]. In deciding whether the Superior Court has subject matter jurisdiction, however, we must look beyond the language in the complaint to

---

1. See: 10 Del.C. § 6701.

determine the true nature of Russo's claim and the desired relief.[2] The complaint alleges that Nelson's addition obstructs the common elements in violation of the Declaration and Code of Regulations governing the condominium. After reciting the relevant portions of the two documents, the complaint alleges:

> 24. Plaintiff seeks to eject Defendant from the common element property which has been wrongfully encroached upon by Defendant pursuant to 10 *Del.C.* § 6701 and to cause Defendant to remove the improvements which are trespassing on the common element space.

The prayers for relief are similar:

> WHEREFORE, Plaintiff requests judgment against Defendant:
>
> 1. Restoring common ownership and use to the airspace that constitutes part of the common element rights of Plaintiff such that the obstruction to the common element air rights be removed by the removal of enclosures made by Defendant without the consent of Plaintiff in the declared common element area;
>
> * * *
>
> 3. To eject Defendant's improvement from the common element space which improvements obstruct the common element airspace. . . .

In an action for ejectment, a landowner who is out of possession may prove title to the land and, if successful, be granted possession of the disputed property.[3] Pursuant to 10 *Del. C.* § 6701, the action is available to recover possession of "lands or . . . any tenements whereon entry can be made. . . ." Ejectment is not available to recover "possession" of incorporeal hereditaments:

> The action will not lie for anything whereon an entry cannot be made, or of which the sheriff cannot deliver possession; in other words it is only maintainable for the possession of corporeal hereditaments.[4]

Here, Russo is seeking possession of airspace. She does not want to sit in Nelson's backyard, which, although fenced off for twenty years, technically is a common element. She wants the view that she had from her condominium, looking across Nelson's backyard, before Nelson built the addition. Thus, Russo is attempting to use the action of ejectment to obtain something that ejectment cannot provide—possession of airspace.

The Superior Court also lacks subject matter jurisdiction because what Nelson really seeks is equitable relief. Both the allegations in the complaint and the prayers for relief make it clear that Nelson wants the addition removed. Although she told the Superior Court that she was not asking for injunctive relief, the fact remains that her complaint *does* ask for injunctive relief. It prays for judgment, "restoring common ownership and use to the airspace . . . by the removal of enclosures made by Defendant without . . . consent. . . ." The only way a court could order removal of a portion of a building would be through a mandatory injunction.

In sum, we conclude that the Superior Court lacks subject matter jurisdiction to decide this complaint. Ejectment does not lie for a party seeking possession of airspace, and the relief Nelson is seeking is equitable.

2. *Diebold Computer Leas., Inc. v. Commercial Credit Corp.,* 267 A.2d 586, 588 (Del.1970).

3. *Suplee v. Eckert,* 120 A.2d 718, 719–20 (Del. Ch.1956).

4. *Woolley on Delaware Practice,* Vol. II, § 1586 (1906); *See also: Burris v. Cross,* 583 A.2d 1364 (1990).

## Conclusion

Based on the foregoing, the judgment of the Superior Court is reversed and this matter is remanded for further action in accordance with this decision. Jurisdiction is not retained.