**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PENNI CINQMARS, )
)
        Plaintiff, )
)
        v. )
)    C.A. No. S21C-07-019 CAK
BRITEN CLEWS, )
)
)
        Defendant. )
)
)
)
)
)
)

**ORDERS DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Submitted: July 28, 2021

Penni Cinqmars ("Plaintiff") has filed a Complaint against Briten Clews ("Defendant") and a motion to proceed *in forma pauperis*. This is my decision denying the motion to proceed *in forma pauperis* and dismissing the Complaint.

I have reviewed Plaintiff's *in forma pauperis* motion and her sworn affidavit in support of the motion. Under 10 *Del. C.* § 8802, Plaintiff's affidavit must include a statement that the affiant is not able to pay the Court's costs and fees associated

1

with the filing of her Complaint.[1]  I find that Plaintiff has failed to show that she does not have income to pay the filing fee in this matter.  As Plaintiff's affidavit shows, she has a monthly income of $917.00.  Plaintiff also has supplied in her affidavit that she has "no income for any attorneys or extra expense."  Being permitted to proceed *in forma pauperis* is only relevant to the amount of court costs and filing fees to be paid; attorney fees or extra expenses are irrelevant.  Therefore, as Plaintiff has failed to establish that she does not have income to pay the filing fee, I **DENY** Plaintiff's motion to proceed *in forma pauperis*.

In connection with reviewing the motion to proceed *in forma pauperis*, I also have undertaken a review of Plaintiff's Complaint and considered whether the action should proceed.[2]  If the Complaint is factually or legally frivolous, I must dismiss the Complaint pursuant to 10 *Del. C.* § 8803(b).[3]  10 *Del. C.* § 8801 defines "legally

---

[1] 10 *Del. C.* § 8802(b) ("Before an individual shall be permitted to proceed *in forma pauperis* for the purposes of this chapter, the individual must submit a sworn affidavit. . . . Such affidavit shall contain a statement that the affiant is unable to pay the costs and fees. . . .").

[2] This review is made pursuant to 10 *Del. C.* § 8803(b), which provides:

> (b) Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a pro se litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious. Service of process shall not issue unless and until the court grants leave following its review.

[3] *Id.*

2

frivolous" as "a claim based on an indisputably meritless legal theory."[4]  I find that the Complaint is legally frivolous because this Court does not have subject matter jurisdiction and the Complaint has no merit.  I find that Plaintiff is seeking equitable relief over which the Superior Court does not have subject matter jurisdiction.[5] Moreover, Plaintiff's Complaint is wholly without merit because Defendant's alleged defamatory statements were absolutely privileged as they were made during the course of judicial proceedings and were relevant to a matter at issue in the case.[6] Plaintiff's Complaint is **DISMISSED**.

   **IT IS SO ORDERED** this  2nd  day of August, 2021.


       /s/Craig A. Karsnitz
       Craig A. Karsnitz
cc:  Prothonotary

---

[4] 10 *Del. C.* § 8801(7).

[5] *Nelson v. Russo*, 844 A.2d 301, 303 (Del. 2004) ("The Superior Court also lacks subject matter jurisdiction because what [the plaintiff] really seeks is equitable relief.").

[6] *See Barker v. Huang*, 610 A.2d 1341, 1342 (Del. 1992) (explaining that Delaware recognizes the absolute privilege that "protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to a matter at issue in the case.").