IN THE SUPREME COURT OF THE STATE OF DELAWARE

DENNIS L. SMITH, §
§ No. 201, 2021
    Defendant Below, §
    Appellant, §
§ Court Below–Superior Court
    v. § of the State of Delaware
§
THE ESTATE OF JAMES §
GODWIN, LAVERNE § C.A. No. S09C-07-045
BROCKINGTON, EXECUTRIX, §
§
    Plaintiff Below, §
    Appellee. §

Submitted: February 18, 2022
Decided: April 14, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we find it evident that the judgment below should be affirmed. Contrary to the appellant's allegations, the Superior Court had jurisdiction over the underlying ejectment action.[1] And because the appellant failed to appeal the Superior Court's April 25, 2011 order granting the appellee's motion for judgment on the pleadings

---

[1] *See* 10 *Del. C.* § 6701(a) ("The legal title to lands or to any tenements whereon entry can be made may be tried in a civil action, based upon a cause of action in ejectment."); *Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004) (noting that a complaint for ejectment is an action at law, over which the Superior Court has jurisdiction).

on the count of ejectment,[2] the appellant's claim that it is a "void default order" is barred by the doctrine of *res judicata*.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[2] The same order also acknowledged that the appellee had waived the remaining count in the complaint.

[3] *See Dover Hist. Soc'y, Inc. v. City of Dover Plan. Comm'n*, 902 A.2d 1084, 1092 (Del. 2006) ("*Res judicata* operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.").