**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JERRY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N23C-03-226 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| NICOLE VANHORN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Jerry Taylor's Action for Ejectment pursuant to 10 *Del. C.* § 6701, and Motion for Order on Rule to Show Cause ("RTSC") against Defendant, Nicole Vanhorn.

Upon consideration of the Delaware Superior Court Rules of Civil Procedure, the relevant statutory and decisional law on actions for ejectment, and the record in this matter; for the reasons that follow, Plaintiff's action for ejectment is granted.

## PRODEDURAL HISTORY

1. Plaintiff filed this complaint for ejectment and Motion for RTSC on March 27, 2023.

2. On April 17, 2023, the Court issued an Order on Plaintiff's RTSC, ordering Defendant to show cause at a hearing scheduled for May 18, 2023, as to why the Court should not grant writ of possession to Plaintiff.

3. On April 21, 2023, the Deputy Sheriff personally served Defendant with a copy of the RTSC Order.

1

4. On May 1, 2023, the Court notified the parties that a hearing would be held on May 18, 2023 at 9:15 AM via Zoom video conference.

5. On May 16, 2023, Defendant filed her response to Plaintiff's RTSC.

6. The Court held a hearing on May 18, 2023 in which both parties were present and testified. The Court took the matter under advisement, instructed the parties to update the Court on whether they had resolved the matter by June 1, 2023, and advised it would issue a decision if they had not reached a resolution by that date.

7. On June 1, 2023, Plaintiff informed the Court that he and Defendant were unable to reach a resolution.

8. This is the Court's decision on Plaintiff's Action for Ejectment.

**FACTS**

9. The Court draws the following allegations from Plaintiff's Complaint, Defendant's Response, and the parties' representations during oral argument on May 18, 2023:

    a. Plaintiff is the sole titleholder of the property located at 414 Sitka Spruce Lane, Townsend, Delaware 19734 (the "Property").

    b. The parties share a child together and were in an intimate partnership which terminated around September 2022.[1]

---

[1] Def. Resp. ("yes are we separated yes").

c.      Defendant had been giving money to Plaintiff for household expenses on an inconsistent basis during the period when they lived together in the home.[2]

d.      On January 24, 2023, Plaintiff filed a landlord-tenant action against Defendant in Justice of the Peace Court in New Castle County, Delaware. Defendant was provided with an eviction notice related to that action.

e.      On March 24, 2023, the JP Court dismissed the action without prejudice, finding that it did not have jurisdiction to decide the matter.[3]

f.      Plaintiff has previously requested on numerous occasions that Defendant vacate the residence.

g.      Plaintiff was residing at the Property when he filed the Complaint until around May 14, 2023.[4]

h.      Plaintiff testified that, due to increasing strife caused by the parties' cohabitation, he had recently vacated the property, was living with family members, and intended to remain out of the home until Defendant vacated. Defendant confirmed in her testimony that Plaintiff had in fact vacated the property.

---

[2] Def. Resp. ("I have paid 800$ [*sic*] a month and I have these text messages to prove it.").
[3] *Taylor v. Vanhorn,* Del. J.P., C.A. No. JP9-23-000040, Losito, J. (Mar. 24, 2023).
[4] *Taylor v. Vanhorn,* C.A. No. N23C-03-226 MAA, Rule to Show Cause Hearing (May 18, 2023).

3

    i.  Defendant continues to reside in the Property.[5]

## ANALYSIS

10. An ejectment is an action at law within the jurisdiction of the Superior Court.[6]  In an action for ejectment, a landowner who is out of possession may prove title to the land and, if successful, be granted possession of the disputed property.[7]  A judgment for the plaintiff in an ejectment action "establishes the legal right of the plaintiff to the possession of the premises; it is not conclusive as to title."[8]

11. To establish a valid claim for ejectment, a plaintiff must show by a preponderance of the evidence that that they are: (1) out of possession of the property; and (2) have a present right to possess the property.[9]  A plaintiff must be out of possession of the entirety of the property.[10]  If a plaintiff is in possession of a portion of the property, an action for ejectment is not available.[11] "The burden is on the plaintiff to prove legal title by 'proving or producing the deed, will, and descents

---

[5]. Def. Resp. ("I've been staying here at 414 Sitka spruce lane since 2019.").

[6] 10 *Del. C.* § 6701; *Nelson v. Russo,* 844 A.2d 301, 302 (Del. 2004).

[7] *Nelson,* 844 A.2d at 303.

[8] 2 Victor B. Wooley, Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware, § 1614 (1906) citing *Bright's Lessee v. Stevens,* 1856 WL 1008 (Del. Super. Apr. 1, 1856).

[9] *Nelson,* 844 A.2d at 302; *Chandler v. Hovington,* 2023 WL 2260724, at *1 (Del. Super. Feb. 28, 2023) citing *Humes v. Charles H. West Farms, Inc.,* 2006 WL 337038 at *1 (Del. Super. Jan. 18, 2006); *see also Heathergreen Commons Condominium Ass'n v. Paul,* 503 A.2d 636, 643 (Del. Ch. 1985); *Furness v. Patterson,* 1998 WL 737989, at *2 (Del. Super., Sept 28, 1998); *Suplee v. Eckert,* 120 A.2d 718, 719-20 (Del. Ch. 1956).

[10] *Justice v. McGinn,* 1998 WL 229436, n. 9 (Del. Ch. Apr. 21, 1998) ("Here, the Petitioners allege in their complaint that they are in possession of at least a portion of the property in dispute. Should that be established, then an action for ejectment would not be available at law."). *Id.*

[11] *Id.*

4

under which said title is claimed' or by proving the requisite elements of adverse possession."[12]

12. With respect to the first requirement, the Court finds that Plaintiff has established by a preponderance of the evidence that he is out of possession of the property.

13. With respect to this element, 10 *Del. C.* § 6701 states that "[i]f the premises for which the action is brought are actually occupied by any person such actual occupant shall be named defendant in the action, and all other persons claiming title or interest to or in the same may be joined as defendants."[13]

14. Delaware courts have interpreted this provision to mean that the ejectment statute was not designed for the use of a plaintiff who is in possession.[14] The Court of Chancery found in *Suplee v. Eckert* that an action in ejectment was only available to plaintiffs out of possession and that the language of the statute "strongly suggest[ed]" it was "not designed for the use of a plaintiff in possession."[15] The court concluded that the plaintiffs had no remedy at law because they were in possession of the property.[16] Since the issuance of *Suplee*, Delaware courts have continued to adopt this interpretation of the statute.[17]

---

[12] *Chandler,* 2023 WL 2260724, at *1 (quoting *Humes,* 2006 WL 337038 at *1).
[13] 10 *Del. C.* § 6701.
[14] *Suplee v. Eckert,* 120 A.2d 718, 719-20 (Del. Ch. 1956).
[15] *Id.* at 720.
[16] *Id.*
[17] *Downs v. Carnvale,* 1987 WL 18114, at *3-4 (Del. Super. Oct. 1, 1987). In *Downs,* plaintiffs filed an ejectment action against their neighbors, claiming a strip of land on which they constructed

15. In the majority of Delaware decisions adjudicating actions for ejectment, the facts clearly establish whether the plaintiff was out of possession of the property. This case is distinct in that regard because here, Plaintiff was admittedly in actual possession when he filed the action and remained in actual possession until a few days before the RTSC hearing. It is now undisputed that Plaintiff is no longer in possession of the residence.

16. The Court finds that, although Plaintiff was in actual possession when he filed this action and, therefore, could not establish the jurisdictional requirements of ejectment at that time, this requirement is now established. Denying Plaintiff's action at this juncture would be placing form over substance. Denying the action

---

a driveway and currently possessed, was within the bounds of their property. *Id.* at \*1-3. The court stated it was "quite doubtful" the ejectment action was proper where plaintiffs were in possession and cited to the Court of Chancery's interpretation of Section 6701 in *Suplee,* 120 A.2d at 720. *Id.* at \*3-4. In *Burris v. Cross*, the court found the plaintiffs did not have a valid claim for ejectment regarding their right-of-way because they were currently in possession of and used said right-of-way. 583 A.2d 1364, 1377 (Del. Super. Sept. 27, 1990). Although *Stella v. Roberts* does not directly address the question of whether a plaintiff can establish that they are out of possession when they have recently cohabitated with the defendant at the property, it affirms that a plaintiff who is wholly out of possession by virtue of the defendant's exclusive possession has established the first element. 2019 WL 5207915, at \*1, 3 (Del. Super. Oct 15, 2019). In *Stella,* the plaintiff took ownership to the property through a Deed in Lieu of Foreclosure and later became aware that Defendant was occupying the property. *Id.* at \*1. Defendant refused to vacate, claiming she did not remember signing the deed over to the former owner. *Id.* The court found that the plaintiff was out of possession because Defendant was in possession. *Id.* at \*2. *See also Hayward v. King,* 2015 WL 6941599 (Del. 2015) (affirming Superior Court's verdict granting plaintiffs' ejectment action which found plaintiffs out of possession of strip of land enclosed by defendant-neighbors' fence); *Woogen v. Hamilton,* 2003 WL 22064246 (Del. Super. Sept. 3, 2003) (granting plaintiff's ejectment action where plaintiff was record titleholder and it was undisputed that defendant occupied the property);*Fitzwater v. Bennett,* 1980 WL 81857, at \*3 (Del. Ch. May 27, 1980).

also risks wasting scarce judicial resources as Plaintiff is likely to re-file this action to re-establish what has already been established at the hearing on May 18, 2023.

17.    With respect to the second requirement, Plaintiff has established beyond a preponderance of the evidence that he has a right to possess the property. Plaintiff credibly testified that he is the sole legal title holder and Defendant has conceded without reservation the truth of this statement.[18]

18.    For the reasons stated above, the Court finds Plaintiff has established the requirements for ejectment and that he is entitled to a writ of ejectment of the property.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: June 9, 2023

---

[18] *Enuha v. Enuha,* 1997 WL 328582, at *1 (Del. 1997) ("The defendants conceded that the plaintiff is the sole legal titleholder of the property. That fact was sufficient to entitle the plaintiff to ejectment.").