# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHAD HUGGINS,                               )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        C.A. No. K24C-03-020 NEP
                                            )
ANDREA BENSON,                              )
                                            )
        Defendant/Counterclaimant.          )

Submitted:  August 16, 2024
Decided:  September 25, 2024

## ORDER

***Upon Plaintiff's Motion for Partial Summary Judgment***
**GRANTED**

***Upon Defendant's Motion to Transfer the Defenses and Counterclaims to the Court of Chancery***
**DENIED WITHOUT PREJUDICE**

1.      Plaintiff Chad Huggins ("Plaintiff") filed this action on March 14, 2024, pursuant to 10 *Del. C.* § 6701, seeking ejectment and damages.  Defendant Andrea Benson filed her amended answer and counterclaims on June 7, 2024.

2.      On August 16, 2024, the Court heard argument on Plaintiff's Motion for Partial Summary Judgment and on Defendant's Motion to Transfer the Defenses and Counterclaims to the Court of Chancery Pursuant to 10 *Del. C.* § 1902.  For the reasons set forth in this Order, Plaintiff's Motion is **GRANTED**, and Defendant's Motion is **DENIED WITHOUT PREJUDICE**.  The Court cautions the parties, however, that both of these decisions are interlocutory, which will have some impact

on the future progress of this case, as will be more fully explained *infra*.

3.      Turning to Plaintiff's Motion, summary judgment is warranted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[1]

4.      Here, Plaintiff seeks summary judgment on the sole issue of ejectment. In an ejectment action, the plaintiff must prove (1) lack of possession and (2) legal title.[2]   There is no dispute that Plaintiff is out of possession of the property in question.  Moreover, attached to his Complaint is a deed granting Plaintiff legal title to the property, and Defendant conceded at oral argument that Plaintiff is the record title owner of the property.[3]

5.      Despite this, Defendant argues that she is entitled to possession of the property.  The bases for this contention, however, are certain equitable claims, as Defendant concedes in her Motion to Transfer.  As the Court explained in a bench decision on July 12, 2024, denying an earlier motion of Defendant to transfer the entire action to the Court of Chancery, such claims may not be raised as defenses in an ejectment action.[4]

6.      The Court must clarify, however, that the grant of partial summary judgment to Plaintiff does not entitle him to immediate possession of the property, as the decision is interlocutory.  A bench trial is scheduled for January 22, 2025. Other issues—most notably Plaintiff's claim for damages—await decision.  A final order in this case will be issued following the bench trial, barring the possibility of

---

[1] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[2] *Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004); *Taylor v. Vanhorn*, 2023 WL 3946342, at *2 (Del. Super. June 9, 2023).
[3] *See Woogen v. Hamilton*, 2003 WL 22064246, at *1 (Del. Super. Sept. 3, 2003) (court granted ejectment where plaintiff was record title owner of property).
[4] See *Enuha v. Enuha*, 694 A.2d 844 (TABLE), 1997 WL 328582, at *1 (Del. May 16, 1997) (in ejectment action, Superior Court lacked jurisdiction to address defendants' claim of equitable ownership, as such a claim must be brought before the Court of Chancery).

an earlier conclusion as the result, for example, of additional dispositive motions.[5]

7.      Turning to Defendant's Motion, Defendant seeks transfer of its defenses and counterclaims to the Court of Chancery pursuant to 10 *Del. C.* § 1902. As noted *supra*, this Court denied a prior motion of Defendant to transfer the entire case to the Court of Chancery. In that prior motion, Defendant conceded that all of its counterclaims were equitable in nature.[6] In announcing its previous decision, the Court indicated that, because those counterclaims are equitable, this Court lacks jurisdiction over them, and furthermore that defenses advanced in an ejectment action must be, in the explicit terms of the statute, "defenses in law."[7] The Court, however, did not "dismiss" Defendant's counterclaims, as erroneously stated by Plaintiff in his Response to Defendant's Motion.[8]

8.      10 *Del. C.* § 1902 provides that "[n]o civil action . . . shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter" but "may be transferred to an appropriate court . . . provided that the party otherwise adversely affected, **within 60 days after the order denying the jurisdiction of the first court has become final** . . . files in [the appropriate] court a written election of transfer . . . ."[9] Therefore, the statute by its own terms contemplates a transfer of claims to another court **following** the issuance of a final order dismissing those claims for lack of jurisdiction. This Court's order denying Defendant's previous Motion to Transfer was an interlocutory one. Thus, just as Plaintiff must await a final order of this court before executing on the order granting his ejectment claim,

---

[5] This is consistent with what the Court indicated to the parties in its July 12, 2024, bench decision—*i.e.*, that the Court's decision on a dispositive motion could limit or expand the scope of discovery as well as the issues at trial.

[6] Defendant's Motion to Transfer to the Court of Chancery at 2 (D.I. 27).

[7] 10 *Del. C.* § 6701(b).

[8] Plaintiff's Response to Defendant's Motion to Transfer Defenses and Counterclaims to Chancery Court Pursuant to 10 *Del. C.* § 1902 at 1 (D.I. 43).

[9] 10 *Del. C.* § 1902 (emphasis supplied).

3

Defendant must await a final order of this Court before filing an election of transfer as to its counterclaims pursuant to 10 *Del. C.* § 1902.

        **WHEREFORE**, for the reasons stated, Plaintiff's Motion is **GRANTED**, and Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

        **IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc:    Prothonotary
cc:    Counsel of record