**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MARY ANNIE MCMILLAN, a/k/a CELESTIAL GOD OF THE UNIVERSE, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N24C-09-181 CEB |
| | ) | |
| BENCHMARK BUILDERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 12, 2025
Decided: May 6, 2025

## <u>ORDER</u>

1.     Mary Annie McMillan, a/k/a Celestial God of the Universe, ("Plaintiff"), proceeding *pro se*, filed a lawsuit claiming she owns a model showhouse located at 126 Green Forest Dr., Middletown, Delaware, 19709 ("Property"), in the Estates of Rothwell a community under construction by Benchmark Builders ("Defendant").  Plaintiff's Complaint sought to "reclaim my house for personal use."[1]

2.     Defendant moved to dismiss under Rule 12(b)(6). Defendant attached 1) a deed to the Property[2] and 2) a screenshot of the search results for a parcel search

---

[1] D.I. 1 Compl. at 2 (Sept. 23, 2024), Trans. ID 74564612 [hereinafter Compl.].

[2] D.I. 8 Ex. A to Def. Benchmark Builders' Mot. to Dismiss in Lieu of an Answer (Oct. 16, 2024), Trans. ID 74774749.

on the New Castle County's property records website.[3] These documents were matters outside the four corners of the Complaint.[4] The Court decided to consider the motion to dismiss as a motion for summary judgment and invited Plaintiff to respond to Defendant's pleading and exhibits.[5]

3. In response, Plaintiff asserts that: "I must remind the Court that I God do hold title to the United States of America which this group is after and [has] been after for over 100 years."[6] By way of documentation of her ownership, Plaintiff alleges, "The Deed is on a leather skin at the United States White House with my name."[7]

4. *Pro se* pleadings are "judged by a less stringent standard than a pleading or document filed by an attorney."[8] But courts cannot "sacrifice the orderly and efficient administration of justice or impair the substantive rights of represented

---

[3] D.I. 8 Ex. B to Def. Benchmark Builders' Mot. to Dismiss in Lieu of an Answer (Oct. 16, 2024), Trans. ID 74774749.

[4] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001)) ("complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss.").

[5] D.I. 15 Br. Letter (Jan. 22, 2025), Trans. ID 75486291.

[6] D.I. 17 Pl. Answer to Def.'s Answer at 2 (Mar. 12, 2025), Trans. ID 75824431.

[7] D.I. 11 Pl.'s Answer to Mot. to Dismiss at 2 (Oct. 29, 2024), Trans. ID 74896494.

[8] *State v. McDougal*, 2018 WL 2970770, at *1 n.2 (Del. Super. June 11, 2018), *aff'd*, 210 A.3d 146 (Del. 2019) (quoting *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982)) (cleaned up).

parties to save their claims when their claims plainly have no merit."[9] As a result, there is "no different set of rules for *pro se* plaintiffs."[10]

5.      Plaintiff labeled her admittedly unclear and handwritten Complaint as one for "debt breach of contract."[11] But Courts "must look beyond the 'labeling' of the claim and examine its substance to determine the true nature of the claim."[12] When so examined, the Court sees that Plaintiff's claim is for ejectment, not breach of contract. [13]

6.      For a claim of ejectment, a plaintiff must show by a preponderance of the evidence that it is 1) out of possession of the property; and 2) has a present right to possess the property.[14] A plaintiff "must recover upon the strength of her own

---

[9] *Mikkilineni v. PayPal, Inc.*, 2021 WL 2763903, at *5 (Del. Super. July 1, 2021) (quoting *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015); *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Jan. 28, 2002)) (cleaned up).

[10] *Eley v. PNC Bank Branch of Lewes De.*, 2023 WL 4237274, at *1 (Del. Super. June 23, 2023) (quoting *Bradford v. Beebe Med. Ctr.*, 2020 WL 3058151 (Del. Super. June 9, 2020)).

[11] Compl. at 1.

[12] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *11 (Del. Super. Feb. 15, 2013) (citing *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2009 WL 3273509, at *3 n.10 (Del. Super. Sept. 30, 2009)).

[13] Ejectment is an action at law within the jurisdiction of the Superior Court. *Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004) (citing 10 *Del. C.* § 6701) ("The claim alleged in the complaint purports to be one for ejectment, which is an action at law."); *see also Humes v. Charles H. W. Farms, Inc.*, 950 A.2d 661, 665 (Del. Super. 2007) (citing *Humes v. Charles H. West Farms, Inc.*, 2006 WL 337038, *1 (Del. Super. Jan. 18, 2006)) ("An ejectment action is within the common law jurisdiction of the Superior Court.").

[14] *Truist Bank v. Elad*, 2023 WL 7276648, at *2 (Del. Super. Nov. 3, 2023) (quoting *Taylor v. Vanhorn*, 2023 WL 3946342, at *2 (Del. Super. June 9, 2023)).

title."[15] In an ejectment proceeding, evidence of ownership includes "recorded deeds, the sale agreements, and the foreclosure judgment."[16]

7.    First, there is no dispute that Plaintiff is out of possession of the property. Plaintiff alleges that Defendant has possession of the Property.[17] The Complaint notes, "Currently the house is in model showroom stages and has to be changes [sic] to living occupancy stages."[18] Defendant also contends the Property is a "model home which prospective homebuyers interested in Benchmark's development Estates at Rothwell may tour."[19]

8.    Second, there is also no dispute that Defendant owns the Property. Plaintiff makes numerous unsubstantiated claims to ownership of the Property, but Plaintiff has submitted no evidence to support her claim or rebut the land and title records submitted by Defendant.  Plaintiff's exhibit – a letter to the Federal Bureau of Investigation – is not probative on the issue of whether she owns the Property.[20]

---

[15] *Dickerson v. Simpson*, 2001 WL 884153, at *1 (Del. Super. July 10, 2001), *aff'd*, 792 A.2d 188 (Del. 2002) (citing *Addy v. Short*, 81 A.2d 300, 302 (Del. Super. 1951), *rev'd on other grounds*, 89 A.2d 136 (1952)).

[16] *Stella v. Roberts*, 2019 WL 5207915, at *3 (Del. Super. Oct. 15, 2019).

[17] Compl. at 2.

[18] *Id.*

[19] D.I. 8 Def. Benchmark Builders' Mot. to Dismiss in Lieu of an Answer at 3 (Oct. 16, 2024), Trans. ID 74774749

[20] D.I. 12 Ex. A to Pl.'s Answer to Mot. to Dismiss (Oct. 29, 2024), Trans. ID 74896494.  *See Stella*, 2019 WL 5207915 at *3.

The deed shows that Defendant acquired the Property in 2016, and the parcel search shows that Defendant is the current owner of the Property.

9. For the reasons above, Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge