# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CLARENCE MCNATT III,     )
            )
     Plaintiff,     )
            )
     v.     )
            )     C.A. No.: K25C-04-022 NEP
RHONDA MOORE and     )
JAMES MOORE,     )
            )
     Defendants.     )

Submitted:  August 13, 2025
Decided:  August 28, 2025

## ORDER[1]

### *Upon Plaintiff's Motion For Summary Judgment*
### GRANTED

**1.** This matter involves an ejectment action pursuant to 10 *Del. C.* § 6701. In such an action, the Court grants the proven title-holder possession of disputed real property.[2] The burden is upon the plaintiff to prove, by a preponderance of the evidence, that he is (1) out of possession of the property; and (2) has a present right to possess the property.[3] By statute, the only defenses that this Court may consider are "defenses in law."[4] The Court may not consider equitable defenses in an

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.

[2] *Taylor v. Vanhorn*, 2023 WL 3946342, at *2 (Del. Super. June 9, 2023) (citing *Nelson v. Russo*, 844 A.2d 301, 303 (Del. 2004)).

[3] *Id.* (citing *Nelson*, 844 A.2d at 302; *Chandler v. Hovington*, 2023 WL 2260724, at *1 (Del. Super. Feb. 28, 2023)).

[4] 10 *Del. C.* § 6701(b).

ejectment action.[5]

2.      In this case, Plaintiff Clarence McNatt III ("Plaintiff") filed a complaint for ejectment in this Court on April 22, 2025.[6]  Plaintiff attached copies of an earlier notice to vacate addressed to Rhonda Moore (together with her son James Moore, "Defendants"), requesting that she provide evidence that she was a bona fide tenant of the property at 112 Woodville Drive, Magnolia, DE  19962.[7]  Plaintiff also attached copies of the last will and testament of John Wayne Wright, Sr., the previous owner of the property ("Testator"),[8] an inventory filed with the Kent County Register of Wills pursuant to that will,[9] a certificate of title for the mobile home on the property in Plaintiff's name,[10] and a property record report from the Kent County Levy Court listing Plaintiff as the owner of the property.[11]

3.      Defendant Rhonda Moore filed an answer on May 13, 2025.[12]  Plaintiff replied on May 28.[13]  On June 16, 2025, Plaintiff filled the instant motion for summary judgment.[14]  Defendant Rhonda Moore responded in the form of a "motion to preserve possession of the property and request for mediation" on June 27.[15]  Plaintiff responded on June 27, contending that mediation "would be a waste of time" because the parties are "diametrically opposed."[16]  The Court heard oral argument on Plaintiff's motion for summary judgment on August 13, 2025.[17]

---

[5] *Huggins v. Benson*, 2024 WL 4287147, at *1 (Del. Super. Sept. 25, 2024) (citing *Enuha v. Enuha*, 694 A.2d 844, 1997 WL 328582, at *1 (Del. May 16, 1997)).
[6] D.I. 1.
[7] *Id.* at Ex. C.
[8] *Id.* at Ex. E.
[9] *Id.* at Ex. D.
[10] *Id.* at Ex. A.
[11] *Id.* at Ex. B.
[12] D.I. 7.
[13] D.I. 11.
[14] D.I. 16.
[15] D.I. 20.
[16] D.I. 25.
[17] D.I. 38.

2

**4.** On a motion for summary judgment, the movant bears the initial burden of establishing the non-existence of material issues of fact.[18] If the movant meets this burden, the non-movant must demonstrate that a dispute of material fact exists.[19] The Court will grant summary judgment if, "viewing the facts in the light most favorable to the nonmoving party, there are no material issues of fact in dispute and . . . the moving party is entitled to judgment as a matter of law."[20] "Disputes regarding immaterial issues of fact will not preclude summary judgment. If the disputed facts could have no bearing on the analysis or resolution of the parties' claims, then any such disputed facts are immaterial."[21] Thus, even if a non-movant defendant shows that a dispute of fact exists, the Court will not deny the plaintiff's motion for summary judgment if the disputed fact does not relate to a defense that the Court may consider.[22]

**5.** In this case, Plaintiff has made the necessary showing to meet his initial burden. There is no dispute that Plaintiff is out of possession. Rather, it appears that Defendants occupy the entire property.[23] As to Plaintiff's present right to possess, "Plaintiff is entitled to ejectment if he offers proof of exclusive ownership."[24] It is sufficient for Plaintiff to produce the deed, will, and descents under which he claims

---

[18] *Bank of Am., N.A. v. Ireland*, 2017 WL 2779701, at *2 (Del. Super. June 23, 2017) (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).

[19] *Id.* (citing *Moore*, 405 A.2d at 681).

[20] *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 456 (Del. 2010) (quoting *Brown v. United Water Delaware, Inc.*, 3 A.3d 272, 275 (Del. 2010)).

[21] *1205 Coastal, LLC v. Cove Owners Ass'n, Inc.*, 2024 WL 324895, at *3 (Del. Super. Jan. 29, 2024) (citing *Brzoska v. Olson*, 668 A.2d 1355, 1365 (Del. 1995); *State Farm Mut. Auto. Ins. Co. v. Mundorf*, 659 A.2d 215, 217 (Del. 1995)).

[22] *See Carrington Mortg. Servs., LLC v. Arkoh*, 2025 WL 1755667, at *3 (Del. Super. June 25, 2025) (collecting cases).

[23] "If a plaintiff is in possession of a portion of the property, an action for ejectment is not available." *Taylor*, 2023 WL 3946342, at *2 (citing *Justice v. McGinn*, 1998 WL 229436, at *2 n.9 (Del. Ch. Apr. 21, 1998)).

[24] *Woogen v. Hamilton*, 2003 WL 22064246, at *1 (Del. Super. Sept. 3, 2003) (citing *Enuha*, 694 A.2d 844), *reargument denied*, 2003 WL 22361279 (Del. Super. Oct. 10, 2003).

title.[25]  Alongside his complaint, Plaintiff attached a copy of a certificate of title, the previous owner's last will and testament, and an inventory.[26]  The title is in Plaintiff's name, and the will bequeaths the testator's residuary estate, which includes the property, to Plaintiff and his mother (who predeceased the Testator).[27]  Plaintiff has therefore shown a present right to possess the property.

6.      Because Plaintiff has met his initial burden, the burden shifts to Defendants to present a dispute of material fact.  They have not done so.  Defendants' sole argument rests upon an apparent contest to the will.[28]  Defendants argue that either a handwritten addition in the margin thereof (purportedly by the Testator) or a subsequent document titled as the last wishes of the Testator (signed and notarized but not meeting the requirements for a valid will)[29] entitles them to a life estate.[30]  Although the question of the Testator's intent is a genuine one, it is not material to this action, because the Court lacks jurisdiction over it.  Any claim to an equitable life estate rests in the jurisdiction of the Court of Chancery.[31]  By statute, this Court

---

[25] *Taylor*, 2023 WL 3946342, at *2 (citing *Chandler*, 2023 WL 2260724, at *1).

[26] D.I. 1.

[27] *Id.*

[28] The language at issue appears adjacent to that bequeathing the residuary estate to Plaintiff. Directly underneath, the will reads as follows: "or, if he/she/they do/does not survive me, to girl friend [sic] Rhonda Jo Moore <u>LAnd</u> [sic] (112 Woodville and 17–22 Blue Point in Trails End)." In the margin, there is what appears to be an arrow from the name "Moore," reading "Life Time [sic] Rights J.WW Her & Her Son only."  D.I. 1 at Ex. E.

[29] *Compare* D.I. 8, Ex. 3 *with* 12 *Del. C.* § 202(a)(2) (requiring that every will be "attested and subscribed in testator's presence by 2 or more credible witnesses."); *see also* 12 *Del. C.* § 202(b) ("Any will not complying with subsection (a) of this section shall be void.").  "Under Delaware law, separate writings intended to supplement a valid will generally must be executed with full testamentary formalities, with one narrow exception concerning written statements or lists incorporated in a valid will that dispose of tangible personal property not otherwise covered by the will's terms."  *In re Last Will and Testament of Palecki*, 920 A.2d 413, 418 (Del. Ch. Apr. 26, 2007) (citations omitted).

[30] *See generally* Defs.' Answer (D.I. 7); Defs.' Mot. to Preserve Possession of Property and Request for Mediation (D.I. 20).

[31] *See Talley v. Horn*, 303 A.2d 338, 2023 WL 5218142, at *2 (Del. Aug. 14, 2023) (ORDER).

may not consider defenses sounding in equity in ejectment actions.[32] To the extent that Defendants' claim to a life estate clouds Plaintiff's title, proof of their claim can only be proven by extrinsic evidence, and such evidence must be heard by the Court of Chancery.[33]

7.  As to Defendants' request for mediation, the Court notes that, pursuant to Superior Court Civil Rules 16.1(b) and 81(a), ejectment actions are not subject to mandatory non-binding arbitration and that "[a] party 'cannot be forced to arbitrate a claim absent a contractual or equitable duty to do so.'"[34] Under the facts of this case—where Defendants request mediation, Plaintiff has indicated that he is not amenable to such discussions, and Plaintiff is entitled to judgment as a matter of law—the Court will not order the parties to engage in alternative dispute resolution. In this context, such an order would simply delay matters with no prospect for a mutually agreeable settlement.

**WHEREFORE**, for the reasons stated, Plaintiff's motion for summary judgment is **GRANTED**. Plaintiff is granted judgment for ejectment, pursuant to 10 *Del. C.* § 6701, against Defendants Rhonda Moore and James Moore and any unknown occupants of the land and tenements located at 112 Woodville Drive, Magnolia, Delaware. Plaintiff's request for costs is denied.

**IT IS SO ORDERED.**

---

[32] 10 *Del. C.* § 6701(b).

[33] *Mishoe v. City of Dover Planning Comm'n*, 2025 WL 786049, at *14 (Del. Super. Mar. 12, 2025) (citing *Wilkes v. State ex rel Highway Dept.*, 265 A.2d 421 (Del. 1970)).

[34] *West v. IP Commc'ns, Inc. v. Xactly Corp.*, 2014 WL 3032270, at *6 (Del. Super. June 25, 2014) (quoting *Behm v. Am. Int'l Grp., Inc.*, 2013 WL 3981663, at *5 (Del. Super. July 30, 2013)).

Noel Eason Primos, Judge

NEP:tls

oc:   Prothonotary
cc:   Michael G. Rushe, Esq. (via File & ServeXpress)
       Ms. Rhonda Moore (via U.S. mail)
       Mr. James Moore (via U.S. mail)