# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DUY NGHIA TRAN and TIEN THI     )
THUY NGUYEN,                    )
                                )
    Plaintiffs,                 )
                                )   C.A. No. N25C-09-101 FWW
    v.                          )
                                )
TONY T. HA,                     )
                                )
    Defendant.                  )


Submitted: December 15, 2025
Decided: March 23, 2026


*Upon Defendant Tony T. Ha's Motion to Dismiss*
**GRANTED.**


## <u>ORDER</u>


Bradley P. Lehman, Esquire, WHITEFORD TAYLOR & PRESTON, LLC, 600 North King Street, Suite 300, Wilmington, DE 19801, attorney for Plaintiffs Duy Nghia Tran and Tien Thi Thuy Nguyen.

Steven D. Rosen, Esquire THE ROSEN LAW FIRM, LLC, 232 Philadelphia Pike, Suite 2, Wilmington, DE 19809, attorney for Defendant Tony T. Ha.


**WHARTON, J.**

This 23rd day of March 2026 upon consideration of Defendant Tony T. Ha's ("Ha") Motion to Dismiss the Complaint ("Motion"),[1] Plaintiffs Duy Nghia Tran and Tien Thi Thuy Nguyen's ("Plaintiffs") Response in Opposition,[2] Ha's Reply Memorandum in Support of his Motion,[3] and the record in this case, it appears to the Court that:

1.     Plaintiffs filed a Complaint on September 11, 2025, seeking declaratory relief regarding their rights and obligations to the property located at 6507 Limestone Road, Hockessin, Delaware 19708 (the "Property").[4] This declaratory judgment action challenges the validity and enforceability of an asserted $690,000 second mortgage relating to Plaintiffs' purchase of the property.[5] Plaintiffs seek a declaration that the alleged second mortgage is invalid and that they owe only on a separate first mortgage.[6]

2.     The parties closed on the property on March 18, 2022 at the office of Brian Funk, Esquire.[7] Plaintiffs contend that there was an agreement between Ha and themselves for a sale price of $500,000.[8] Ha offered and

---

[1] Def.'s Mot. To Dismiss, D.I. 6. ("MTD")
[2] Pls.' Resp. to MTD., D.I. 8.
[3] Def.'s Reply to MTD, D.I. 9.
[4] *See generally* Compl. D.I. 1.
[5] *Id.* ¶ 1.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 10.
[8] *Id.*

provided private seller financing in the amount of $290,000 and received prepayment for the remaining amount of $210,000.[9] In connection with the purchase, a Purchase Money Mortgage and Promissory Note were prepared by Brian Funk, Esq. and secured the debt of $290,000.[10] The Promissory Note for the first mortgage reflects Plaintiffs' promise to pay Ha a principal sum of $290,000 over a 10-year period at an interest rate of 5.00%.[11] A monthly payment of $3,082 was required beginning May 1, 2022.[12]

3. Plaintiffs allege that unbeknownst to Mr. Funk, Ha misappropriated his form of mortgage and then created a fraudulent second mortgage to secure a debt of $690,000.[13] This second mortgage was never recorded, and a promissory note was not executed in connection with it.[14] In their complaint, Plaintiffs seek a declaration from this court that the second mortgage is invalid and unenforceable and that they only owe Ha the remaining principal balance under the first mortgage.[15]

---

[9] *Id.*
[10] *Id.* ¶¶ 12-13
[11] *Id.* ¶ 14
[12] *Id.,* Ex. C.
[13] *Id.* ¶ 15.
[14] *Id.* ¶ 16.
[15] *Id.* ¶ 24.

4.      Ha moves to dismiss under Superior Court Civil Rules 12(b)(1) and 12(b)(6), asserting that the dispute is not ripe, it lacks subject matter jurisdiction, and fails to state a claim.[16]  Ha's principal argument is that the case is not ripe because no foreclosure or default notice has issued and Plaintiffs continue making payments on the mortgage.[17]  Ha further represents that Plaintiffs defaulted for twelve months on the $290,000 mortgage beginning in June 2022, that certain funds were advanced and repaid in 2022 and 2023, and that Plaintiffs continue to make monthly payments on the $290,000 mortgage.[18]  Ha emphasizes that no 30-day default notice has been issued, and no foreclosure action has been filed.[19] He argues that since there is no enforcement action threatening the rights of the Plaintiffs there is no justiciable controversy, and the case is not ripe.[20]

5.      Ha also contends that this Court lacks subject matter jurisdiction and should be dismissed under Rule 12(b)(1).[21]  He views the Complaint's challenge to the second mortgage as implicating the equitable remedy of contract reformation, a remedy outside of this Court's subject matter

---

[16] MTD at 1.
[17] *Id.*
[18] *Id.* at 3.
[19] *Id.*
[20] *Id.* at 5
[21] *Id.* at 5-6.

jurisdiction.[22] Finally, Ha contends that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. He maintains that the Complaint's allegations are conclusory and it is insufficiently specific to merit relief.[23]

6. Plaintiffs oppose dismissal, arguing that an actual controversy exists because Ha asserts substantial sums are due under the disputed $690,000 instrument, has threatened foreclosure, and Plaintiffs deny any such obligation.[24] They argue that the threatened foreclosure action and dispute as to money owed creates an actual controversy that can be resolved by this Court.[25] Plaintiffs maintain that a declaratory ruling is appropriate now and need not await a foreclosure filing or default notice.[26]

7. A party may move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.[27] "'Whenever it appears by suggestion of the parties or otherwise' that the Court lacks subject matter jurisdiction, the Court must dismiss the claim."[28] In considering a Rule 12(b)(1) motion, the Court

---

[22] *Id.*
[23] *Id.* at 6.
[24] Pl.'s. Resp. to MTD at 3-4.
[25] *Id.*
[26] *Id.* at 4.
[27] Super. Ct. Civ. R. 12(b)(1).
[28] *KT4 Partners LLC v. Palantir Techs, Inc.* 2021 WL 2823567, at *24 (Del. Super. Ct. June 24, 2021).

5

"need not accept [the plaintiff's] factual allegations as true and is free to consider facts not alleged in the complaint."[29] Accordingly, whereas the movant "need only show that the Court lacks jurisdiction,"[30] the non-movant bears the "far more demanding" burden "to prove jurisdiction exists."[31]

8.    A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[32]   The Court's review is limited to the well-pled allegations in the complaint.[33]   In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[34]   Dismissal is warranted "only if it appears with reasonable

[29] *Appriva S'holder Litig. Co. v. EV3, Inc.* 937 A.2d 1275, 1284 n.14 (Del. 2007) (internal quotation marks omitted); *see Nelson v. Russo*, 844 A.2d 301, 302 (Del. 2004) ("In deciding whether the Superior Court has subject matter jurisdiction, we must look beyond the language in the complaint...."); *see also Texcel v. Com. Fiberglass*, 1987 WL 19717, at *2 (Del. Super. Ct. Nov. 3, 1987) ("The gravamen of subject matter jurisdiction ... lies not in the pleading but in the existence of facts necessary for the court to exercise its jurisdiction.").

[30] *Airbase Carpet Mart, Inc. AYA Assoc., Inc.,* 2015 WL 9302894, at *2 (Del. Super. Cy. Dec. 15, 2015), *aff'd,* 2016 WL 4938890 (Del. Sept. 16, 2016).

[31] *Appriva,* 937 A.2d 1284 n.14.

[32] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).

[33] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[34] *Id.*

6

certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[35]

9.     The Court need only address Ha's ripeness argument.  This Court has the discretion to issue a declaratory judgment provided the case involves an "actual controversy."[36]  Four elements need to be satisfied in order to determine if an actual controversy is present:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief;  (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim;  (3) the controversy must be between parties whose interests are real and adverse;  and (4) the issue involved in the controversy must be ripe for judicial determination.[37]

The fourth element requires that a plaintiff present an actual controversy that is ripe for judicial determination.[38]  A dispute is not ripe if based on uncertain and contingent events that may never occur, or where future events may obviate the need for judicial action.[39]  This Court has dismissed declaratory

---

[35] *Id.*

[36] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014).

[37] *In re COVID-Related Restrictions on Religious Servs.*, 326 A.3d 626, 642-43 (Del. 2024) (quoting *Rollins Int'l v. Int'l Hydronics Corp.*, 303 A.2d 660, 662-63 (Del. 1973)).

[38] *Id.*

[39] *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1239 (Del. Ch. 1987).; *XL Specialty Ins. Co.*, 93 A.3d at 1217.

actions challenging mortgage enforceability where no foreclosure is pending, finding such disputes not yet in a sufficiently concrete and final form for adjudication.[40]

10.    Plaintiffs seek a present declaration that the $690,000 mortgage is invalid, but the record reflects three central facts: no foreclosure action has been filed, no default notice has issued, and Plaintiffs continue to make monthly payments on the $290,000 mortgage;  these conditions indicate that Plaintiffs have not sustained an injury in fact.  The dispute has not crystallized into an actual controversy, and a declaratory judgment will risk becoming advisory if no enforcement materializes or if the parties otherwise resolve their differences.

11.    Plaintiffs' reliance on alleged foreclosure threats does not warrant the Court's intervention because the relevant question is whether the dispute has matured into a concrete and immediate controversy.  In the present circumstances, with no notice of default, no foreclosure proceedings, and ongoing payments, the matter has not ripened into a dispute appropriate for declaratory judgment.

---

[40] *Toelle v. Greenpoint Mortg. Funding, Inc.,* 2015 WL 5158276, at *6 (Del. Super. Apr. 20, 2015).

**THEREFORE,** Defendant Tony T. Ha's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.